## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Joshua Bernard Smith-Bey,<br><br>                    Petitioner,<br><br>v.<br><br>Tom Roy,<br><br>                    Respondent. | Case No. 17-cv-1347 (DWF/HB)<br><br><br>**REPORT AND RECOMMENDATION** |

Joshua Bernard Smith-Bey, 111 East 9th Street Apt #2, Winona, MN 5598,  *pro se*

Matthew Frank, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, Saint Paul, MN 55101; James B. Early, 3 Red Fox Road, St. Paul, MN 55127; James P. Spencer, Olmsted County Attorney's Office, 151 4th St SE, Rochester, MN 55904; and Jennifer Diane Plante, Olmsted County Attorney's Office, 151 4th St SE, Rochester, MN 55904; for Respondent Tom Roy

HILDY BOWBEER, United States Magistrate Judge

Joshua Bernard Smith-Bey filed a petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254 challenging his conviction in Minnesota state court on the basis that he

was a sovereign citizen and thus not subject to the court's jurisdiction.  (Pet. Writ Habeas

Corpus [Doc. No. 1].)  On May 27, 2018, Smith-Bey moved to amend his petition.  (Mot.

Am. [Doc. No. 13].)[1]  Respondent Tom Roy responded to the petition on June 30, 2018,

arguing that Smith-Bey's petition should be denied because his sovereign citizen claims

---

[1]  The Court addresses Smith-Bey's motion to amend in a separate Order, filed contemporaneously herewith.  [Doc No. 17.]

1

are meritless, and that his motion to amend should be denied as futile. (Resp. [Docs. No. 7, 10].) For the reasons set forth below, the Court recommends that the petition for a writ of habeas corpus be denied.

## I.    Background

On April 20, 2016, Smith-Bey was convicted of a felony drug offense, misdemeanor use of a false name to identify himself to a police officer, and misdemeanor possession of marijuana. (Resp. Ex. 6 [Doc. No. 7-6].) He was sentenced to 24 months in prison. (*Id.*) Smith-Bey has since been released from prison subject to post-release supervision. Minn. Crim. Offender Information, *available at* https://coms.doc.state.mn.us/PublicViewer.

Smith-Bey filed his first habeas petition in the United States District Court for the District of Minnesota on July 6, 2016. The Court dismissed that petition without prejudice because he had not exhausted all state court remedies. *Smith v. Torganson,* No. 16-cv-997 (DWF/HB) (D. Minn. July 13, 2016). He then filed a petition for a writ of prohibition with the Minnesota Court of Appeals, which the court construed as a timely notice of appeal. (Resp. Ex. 1 [Doc. No. 7-1].) On December 22, 2016, the Minnesota Court of Appeals dismissed the appeal, finding Smith-Bey's claim that his conviction was improper due to his status as a sovereign citizen to be frivolous and without merit. (Resp. Ex. 6.) Smith-Bey sought review from the Minnesota Supreme Court and was denied on March 28, 2017. (Resp. Ex. 8 [Doc. No. 7-8].) On April 24, 2017, Smith-Bey filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Pet. [Doc. No. 1].)

## II.    Petition for a Writ of Habeas Corpus

Smith-Bey asserts two grounds for relief in his § 2254 petition.  The first ground is that the Olmsted County District Court lacked personal jurisdiction over him because he is a "sovereign citizen" that has not consented to its jurisdiction.[2]  (Pet. at 6.)  Smith-Bey's second ground for relief is that the State did not answer interrogatories that Smith-Bey propounded while he was being prosecuted for the offense that led to his conviction, and therefore violated his due process right to challenge jurisdictional authority over his person.  (Pet. at 7.)  Smith-Bey does not identify any particular constitutional provision or federal law that he believes was violated.

### A.  Legal Standards

A writ of habeas corpus enables a prisoner to appear before the court to challenge the legality of his confinement and, if successful, obtain his release.  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973) ("[T]he writ of habeas corpus [is] a remedy . . . from any confinement contrary to the Constitution or fundamental law.").  The right to petition for habeas relief is a foundational legal principal in the American system, *see* U.S. Const. art. 1 § 9, and has been recognized as "an integral part of our common-law heritage."  *Preiser*, 411 U.S. at 485.  Habeas relief may be granted if a state court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

---

[2]  Smith-Bey reiterates his claim that the Olmsted County District Court did not have personal jurisdiction over him in Grounds III and IV of his petition. (Pet. at 8-10.)

3

proceeding." 28 U.S.C. § 2254(d).

### B. Mootness

As an initial matter, the Court notes that Smith-Bey's petition for habeas relief is not mooted by the fact that he is no longer incarcerated, as the "in custody" provision of 28 U.S.C. § 2254 only requires that the petitioner be in custody at the time the petition is filed. *Spencer v. Kemna*, 523 U.S. 1, 6 (1998). However, "[o]nce the sentence has expired . . . the petitioner must show some concrete and continuing injury other than the now-ended incarceration (or parole)—some "collateral consequence" of the conviction— if the suit is to be maintained." *Id.* at 7. Here, Smith-Bey was released to the Minnesota Department of Corrections supervision program in June 2017, and is scheduled to remain under post-release supervision until January 2020. Because if Smith-Bey's petition is successful, the Court could grant him relief from his continued supervision, the Court finds that he continues to have a "personal stake in the outcome" of his habeas petition and it is therefore not mooted. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990).

### C. Claim of Sovereign Citizenship

Smith-Bey contends that he is improperly detained because he is a sovereign citizen and therefore the Olmsted County District Court that convicted him did not have personal jurisdiction over him. The Eighth Circuit has definitively and repeatedly held that the argument that a person may not be subjected to federal or state laws on the basis of supposed sovereign citizenship is "meritless," "absurd," and "entirely frivolous." *United States v. Watson*, 1 F.3d 733, 734 (8th Cir. 1993); *see also United States v. Jagim*,

4

978 F.2d 1032, 1036 (8th Cir. 1992); *United States v. Kruger*, 923 F.2d 587, 587–88

(8th Cir. 1991); *United States v. Schmitt*, 784 F.2d 880, 882 (8th Cir. 1986); *United States*

*v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993). The Minnesota Court of Appeals

reached the same conclusion regarding Smith-Bey's sovereign citizenship claims, noting

that "[a] person may be convicted and sentenced under the law of this state if the person .

. . commits an offense in whole or in part within this state." *State v. Smith-Bey*, No. 55-cr-

16-623 (Minn. Ct. App. Dec. 22, 2016) (quoting Minn. Stat. § 609.025); *see also, State v.

Smith*, 421 N.W.2d 315, 319-20 (Minn. 1988). Here, Smith-Bey does not dispute that the

events underlying the crimes for which he was convicted occurred in Olmsted County.

Therefore, that district court had jurisdiction over Smith-Bey, regardless of whether he

consented to it and regardless of whether he was a citizen of a different state or country.

Thus, Smith-Bey has not demonstrated that his conviction and subsequent detention were

contrary to clearly established federal law or based on an unreasonable determination of

the facts. Accordingly, the Court will recommend denying his petition for habeas relief

as to his personal jurisdiction claims.

### D.  The State's Failure to Answer Interrogatories

Smith-Bey contends that his constitutional right to due process was violated

because the State did not answer the interrogatories he served during his appeal of his

conviction. *See* (Interr. [Doc. No. 7-5].) But the Minnesota Rules of Criminal Procedure

contain no provision for interrogatories at any time. *See* Minn. R. Crim. P. 9 (Discovery

in Felony, Gross Misdemeanor and Misdemeanor Cases). Smith-Bey has cited no legal

authority, and the Court is not aware of any, that supports the proposition that due

5

process requires a criminal defendant to be afforded the opportunity to propound and receive responses to interrogatories in a criminal action. To the contrary, the United States Supreme Court has held that due process does not require the state to adopt particular discovery procedures for a criminal defendant. *Wardius v. Oregon*, 412 U.S. 470, 475 (1973). Therefore, the Court finds that Smith-Bey's petition for habeas relief on the basis that the State failed to respond to his interrogatories is meritless and will recommend that the petition be denied.

## III.    Certificate of Appealability

Before appealing a final ruling on a federal habeas petition, a state prisoner must be granted a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). The Court cannot grant a certificate unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994).

The Court finds it unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Smith-Bey's claims any differently than recommended here. Smith-Bey has not identified, and the Court cannot independently discern, anything novel, noteworthy, or worrisome about this case that warrants appellate review. The Court therefore recommends that Smith-Bey not be granted a COA in this matter.

## IV.    Recommendation

Based on all the files, records, and proceedings herein, **IT IS HEREBY**

**RECOMMENDED** that:

1. Joshua Smith-Bey's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus

   by a Person in State Custody [Doc. No. 1] be **DENIED**; and

2. No certificate of appealability be issued.


Dated:  July 16, 2018                      s/ *Hildy Bowbeer*
                                        HILDY BOWBEER
                                        United States Magistrate Judge


### NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under D. Minn. LR 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).